JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 745

FEB 11 1988

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE CONTINENTAL BANK/SHELDON SOMERMAN & ENTITIES BANK LOAN
LITIGATION

## TRANSFER ORDER*

This litigation presently consists of three actions pending in two
federal districts as follows:  two actions in the Eastern District of
Pennsylvania and one action in the Western District of Louisiana.
Before the Panel is a motion by Continental Bank, a defendant in two
of the three actions, to transfer the Louisiana action to the Eastern
District of Pennsylvania, pursuant to 28 U.S.C. §1407, for coordinated
or consolidated pretrial proceedings with the actions pending there.[1]
Plaintiffs in one Pennsylvania action support the motion.  Plaintiffs
in the Louisiana action oppose transfer.

On the basis of the papers filed and the hearing held, the Panel
finds that these three actions involve common questions of fact and
that centralization under Section 1407 in the Eastern District of
Pennsylvania will serve the convenience of the parties and witnesses
and promote the just and efficient conduct of the litigation.  These
common factual questions arise because each action alleges
improprieties relating to repayment of a series of loans made by
Continental Bank to Sheldon Somerman (Somerman) and a group of
business entities purportedly under his ownership and control (the
Somerman entities).  Centralization under Section 1407 is thus
necessary in order to eliminate duplicative discovery, prevent
inconsistent pretrial rulings, and conserve the resources of the
parties, their counsel and the judiciary.

The Eastern District of Pennsylvania is the preferable transferee
district under the circumstances of this particular litigation.  We
note that Continental Bank, the principal defendant, is headquartered
in that district, and therefore many relevant witnesses and documents
are likely to be found there.  In addition, related bankruptcy

---

* Judge Milton Pollack took no part in the decision of this matter.

[1] Continental Bank included two additional actions -- __Midlantic
Banks, Inc.__, et al. v. Continental Bancorp, Inc., et al., E.D.
Pennsylvania, C.A. No. 86-6939; and __W.J. Alphin__, etc. v. Continental
Bancorp, Inc., et al., E.D. Pennsylvania, C.A. No. 86-6872 -- in its
Section 1407 motion filed on October 7, 1987.  Prior to that time,
however, these two actions had been dismissed by Judge Clarence C.
Newcomer in separate orders entered, respectively, on March 10, 1987
and May 29, 1987.  Therefore the question of including these two
actions in Section 1407 proceedings was moot _ab initio_.

proceedings involving Somerman and several Somerman entities are already pending in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Western District of Louisiana be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Clarence C. Newcomer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-745 -- In re Continental Bank/Sheldon Somerman & Entities Bank
            Loan Litigation

   Western District of Louisiana

James Drilling Company, Inc., et al. v. Continental Bank,
   C.A. No. 87-0184

   Eastern District of Pennsylvania

George W. Davies, et al. v. Continental Bank,
   C.A. No. 86-6508
Louis E. Waxman, etc. v. Shearson Lehman Brothers, Inc.,
   C.A. No. 86-7516